# United States Bankruptcy Court
### Eastern District of Tennessee

In re  **Annette Harris Haynes**
_____    Case No. _____
                        Debtor(s)      Chapter    **13**    _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016(b), and Local Bankruptcy Rule 2016- 1(a)(1), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with this chapter 13 case is as follows:

For legal services and expenses, I have agreed to accept . . . . . . $    **3,000.00**

Prior to the filing of this statement I have received . . . . . . . . . $    **1,375.00**

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    **1,625.00**

This fee is a "Base Fee." That means that I will not charge any additional amount for any services rendered or expenses incurred prior to confirmation of the chapter 13 plan, or for any routine services or expenses that I expect to render or incur after confirmation. The types of post-confirmation services and expenses usually considered "routine," so that I will not charge extra for them, include the following:

| | |
|---|---|
| Review of confirmation order and periodic case status reports from trustee | Other routine communications with the debtor, including keeping the debtor informed regarding the status of the case; reminders about meetings and hearings; consultations regarding postpetition credit, defaults on direct payments, insurance coverage or lack thereof, etc. |
| Maintaining custody and control of all case files with original documents for such periods prescribed by law or court rule | Obtaining and providing the trustee with copies of documents relating to lien perfection issues, such as recorded deeds of trust, security agreements, and the like |
| Service of notices and orders as required by court rule | Preparation and mailing of letters to creditors regarding lien releases, the turnover of clear title certificates, the cancellation of deeds of trust and judgments, and the like |
| Preparation, filing, and prosecution of objections to untimely filed claims and objections to duplicate claims | The preparation and certified mailing of letters to creditors regarding alleged violations of the automatic stay |
| Consummation of assumptions and rejections of unexpired leases and executory contracts | Appearance at all hearings relating to confirmation of the original and any amended chapter 13 plan |
| Defense of motions to transfer venue or to dismiss for improper venue | Defense of one motion to dismiss filed after confirmation of plan |
| Responding to written or oral contacts from creditors regarding plan terms, valuation of collateral, claim amounts, and the like | Any other services and expenses that an attorney would reasonably expect to render or incur in most, if not all, chapter 13 cases |
| Responding to debtor contacts regarding changes in financial circumstances, including job changes and unanticipated expenses | |

The types of post-confirmation services and expenses usually **not** considered "routine," so that I **may** charge extra for them and file a supplemental fee request, after exercising appropriate billing judgment and taking into account the fees previously awarded, include the following:

| | |
|---|---|
| Motion for authority to sell property | Post-discharge injunction actions |
| Motion to modify plan | Adversary proceedings |
| Motion to incur debt | Defense of motions to convert case to chapter 7 |
| Defense of motion for relief from automatic stay or codebtor stay | Motions to substitute collateral |
| Defense of a second or additional motions to dismiss filed after confirmation of plan | Supplemental fee requests |
| Stay violation litigation, including amounts paid as fees by the creditor or other party | Motions under Fed. R. Bankr. P. 3002.1(e) and (h) |
| Non-routine claim objections | Motions to employ attorneys for a special purpose |
| Motions to approve settlements | |

2.      The source of the compensation paid to me was:
■ Debtor                    □ Other:

3.      The source of the compensation paid to me is:
■ Debtor                    □ Other:

4.      ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

or

□ I have agreed to share the above-disclosed compensation with a person or persons who are not members of my law firm. A copy of the agreement and a list of the names of the people sharing in the compensation are attached.

---

**ATTORNEY'S CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor in connection with this chapter 13 case. I further certify that the Base Fee set forth above is based on the consideration of the benefit and necessity of my services to the debtor and all other relevant factors, including the time spent or to be spent on such services, the rates charged for such services, the total amount of the secured and unsecured debt, the nature of the case (whether consumer or business), and the complexity of the case. I further certify that I have furnished a copy of this fee disclosure to the debtor and the chapter 13 trustee.

Dated:    **February 12, 2016**                                    **/s/ Grace Gardiner**

**[SIGNATURE OF ATTORNEY]**
**Grace Gardiner**
**UpRight Law LLC**
**5401 Kingston Pike, Suite 520**
**Knoxville, TN 37919**
**865-450-9819**
**Fax: 888-751-4932**
**notices@uprightlaw.com  graceg@giglaw.net**